UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEJANDRO TORRES,

        Plaintiff,

        v.                                               Case No. 21-cv-1084-bhl

KEVIN A. CARR,
SARAH COOPER,
JAMES A. ZANON,
J. POWERS, and
REBECCA MOHNEN,

        Defendants.

---

## SCREENING ORDER

---

        Plaintiff Alejandro Torres, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Torres' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        Torres has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Torres has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $54.40. Torres' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Torres alleges that on December 4, 2020, he was called to the sergeant's desk by Defendant J. Powers, who is a social worker. According to Torres, Powers told him that his transgender status was changing, so he would be removed from a six-month recall and placed on a twelve-month recall. (Torres does not explain the significance of that change, but the change appears irrelevant to his claim.) Torres explains that Powers disclosed this information in an open dayroom within earshot of inmates and corrections officers. Torres asserts that this public disclosure of his gender status has caused him severe emotional distress and placed him in a compromising position as other inmates have now approached him about being transgender. He states that he is constantly having to defend himself verbally, and he is afraid of physical violence. Dkt. No. 1 at 3-6.

Torres states that he brought this incident to the attention of Defendant Unit Manager Rebecca Mohnen, but she dismissed his concerns and told him not to worry about it. He also wrote a letter to Deputy Warden Sarah Cooper, but Defendant Deputy Warden James Zanon intercepted the letter and responded on her behalf, telling Torres that there was no violation of a privacy law and that the error had been addressed. Dkt. No. 1 at 4.

### ANALYSIS

Torres asserts that his constitutional rights were violated when Powers publicly disclosed his transgender status and when Mohnen and Zanon dismissed his concerns about the disclosure. "The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment, though its contours continue to be refined." *Franklin v. McCaughtry*, 110 F. App'x 715, 718-19 (7th Cir. 2004) (citations omitted). The Seventh Circuit has not decided whether prisoners have a right to privacy to their medical information, but it has acknowledged that prisoners "at best have very limited privacy rights" and that "some amount of sharing of

medical information in areas where it might be overheard by other patients . . . is commonplace." *Id.* at 719. Still, at least two other circuits have recognized a prisoner's right to privacy in their medical information where "the underlying facts involved the purposeful dissemination of intensely private medical information about the complaining inmates." *Id.* (citing *Doe v. Delie*, 257 F.3d 309, 317 (3rd Cir. 2001), and *Powell v. Schriver*, 175 F.3d 107, 112 (2nd Cir. 1999) (involving HIV positive status and transsexualism)). Because it is still an open question in this circuit whether prisoners enjoy a right to medical privacy and given the "intensely private" nature of the information that Torres alleges was disclosed, the Court will allow him to proceed on a Fourteenth Amendment claim against Powers, at least for now.

Torres may also proceed on an Eighth Amendment claim against Powers in light of the Seventh Circuit's acknowledgement that "[i]f prison officials disseminated humiliating but penologically irrelevant details of a prisoner's medical history, their action might conceivably constitute the infliction of cruel and unusual punishment; the fact that the punishment was purely psychological would not excuse it." *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995). Torres alleges that, since Powers' disclosure, he has had to verbally defend himself to other inmates and fears that he may fall victim to physical violence. His allegations are sufficient at the screening stage to warrant further review.

Torres does not, however, state a claim against Mohnen and Zanon based on his allegations that they responded dismissively to his complaints regarding the disclosure. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Failing to respond to an inmate's complaints about a completed act of misconduct does not cause or contribute to the violation and therefore does not give rise to a constitutional claim. Torres also fails to state a claim against Warden Cooper and Kevin Carr, the Department of

Corrections Secretary, based on their supervisory roles. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. The Court will dismiss these Defendants.

**IT IS THEREFORE ORDERED** that Torres' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kevin Carr, Sarah Cooper, James Zanon, and Rebecca Mohnen are **DISMISSED** based on Torres' failure to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Torres' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on J. Powers.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, J. Powers shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Torres shall collect from his institution trust account the $295.60 balance of the filing fee by collecting monthly payments from Torres' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments

shall be clearly identified by the case name and number assigned to this action. If Torres is transferred to another institution, the transferring institution shall forward a copy of this Order along with Torres remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Torres is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Torres is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, Torres must notify the Clerk of Court of any change of address, including if he is released or transferred to a different institution. Failure to do so could result in orders or other information not being timely delivered, thus affecting the

legal rights of the parties. If the Court cannot locate Torres because he failed to provide updated contact information, it may conclude that he no longer wishes to prosecute this case.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Torres may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 7th day of October, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge